**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RUDA ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>AIRCASTLE LIMITED, PETER V. UEBERROTH, RONALD W. ALLEN, GIOVANNI BISIGNANI, MICHAEL J. CAVE, DOUGLAS A. HACKER, JUN HORIE, TAKASHI KURIHARA, TAKAYUKI SAKAKIDA, RONALD L. MERRIMAN, AGNES MURA, CHARLES W. POLLARD, and MICHAEL J. INGLESE,<br><br>        Defendants. | CASE NO.: 3:20-cv-00017<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS** |

Plaintiff Ruda Anderson ("Plaintiff"), by her undersigned attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

**NATURE AND SUMMARY OF THE ACTION**

1.  Plaintiff, a stockholder of Aircastle Limited ("Aircastle" or the "Company") brings this action against the members of Aircastle's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, and 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to affiliates of Marubeni Corporation ("Marubeni") and Mizuho Leasing Company, Limited ("Mizuho").

2.  On November 6, 2019, the Company announced that it had entered into a definitive agreement and plan of merger ("Merger Agreement") on November 5, 2019, by which the


Company will be acquired by a newly-formed entity, MM Air Limited ("Parent") controlled by affiliates of Marubeni and Mizuho (the "Proposed Transaction"). Under the terms of the Merger Agreement, Aircastle stockholders will receive $32.00 in cash in exchange for each share of Aircastle common stock (the "Merger Consideration").

3. On December 6, 2019, the Company filed a Preliminary Proxy Statement on Form PREM14A (the "Proxy") with the United States Securities & Exchange Commission. The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding the financial analysis performed by the Company's financial advisor, Citigroup Global Markets Inc. ("Citi"), and the Board's process that ultimately led to the signing of the Merger Agreement.

4. Without additional information the Proxy is materially misleading in violation of federal securities laws.

5. By unanimously approving the Proposed Transaction and authorizing the issuance of the Proxy, the Individual Defendants participated in the solicitation even though they knew, or should have known, that the Proxy was materially false and/or misleading. The Proxy is an essential link in accomplishing, and receiving stockholder approval for, the Proposed Transaction.

6. The stockholder vote on the Proposed Transaction is forthcoming (the "Stockholder Vote"), as the Proposed Transaction is expected to close in the first half of 2020. Under the Merger Agreement, following a successful Stockholder Vote, the Proposed Transaction will be consummated.

7. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants (collectively identified below) from conducting the Stockholder Vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders

of Aircastle common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

9. Personal jurisdiction exists over each Defendant either because each has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue had an effect in this District, as the Company's common stock is listed and traded on the New York Stock Exchange within this District; and (ii) Defendants have received substantial compensation in this District by accessing the capital markets active in this District.

## PARTIES AND RELEVANT NON-PARTIES

11. Plaintiff is, and has been at all relevant times, the owner of Aircastle common stock.

12. Defendant Aircastle is a Bermuda exempted company. It maintains principal executive offices at 201 Tresser Boulevard, Suite 400, Stamford, Connecticut 06901. Aircastle acquires, leases, and sells commercial jet aircraft to airlines throughout the world. Aircastle common stock is listed for trading on the New York Stock Exchange under the ticker symbol "AYR."

13. Defendant Ronald Allen has served as a director of the Company since August 2006.

14. Defendant Giovanni Bisignani has served as a director of the Company since May 2012.

15. Defendant Michael Cave has served as a director of the Company since May 2014.

16. Defendant Douglas A. Hacker has served as a director of the Company since August 2006.

17. Defendant Jun Horie has served as a director of the Company since May 2019. Mr. Horie is the President and CEO of Marubeni America Corporation.

18. Defendant Michael J. Inglese has served as the Company's Chief Executive Officer and as a director of the Company since June 2017.

19. Defendant Takashi Kurihara has served as a director of the Company since May 2019. Mr. Kurihara is also the Advisor to the President of Marubeni America Corporation.

20.

21. Defendant Ronald L. Merriman has served as a director of the Company since August 2006.

22. Defendant Agnes Mura has served as a director of the Company since February 2013.

23. Defendant Charles W. Pollard has served as a director of the Company since July 2010.

24. Defendant Takayuki Sakakida has served as a director of the Company since June 2017. Mr. Sakakida is also Vice President and General Manager, Aerospace and Ship Unit, Marubeni America Corporation.

25. Defendant Peter V. Ueberroth was appointed to the Company's Board in August 2006 and became Chairman of the Board in August 2012.

26. Defendants referenced in ¶¶ 13 through 25 are collectively referred to as Individual Defendants and/or the Board.

## FURTHER SUBSTANTIVE ALLEGATIONS

27. On November 6, 2019, Aircastle issued a press release announcing the Proposed Transaction. The Press Release read in relevant part:

> STAMFORD, Conn., Nov. 6, 2019 /PRNewswire/ -- Aircastle Limited (NYSE: AYR) ("Aircastle") announced today that it has entered into a definitive agreement to be acquired by a newly-formed entity controlled by affiliates of Marubeni Corporation ("Marubeni") and Mizuho Leasing Company, Limited ("Mizuho Leasing"). Under the terms of the merger agreement, Aircastle shareholders will receive $32.00 in cash for each common share of Aircastle (other than shares already owned by Marubeni and its affiliates), representing a total valuation of approximately $2.4 billion, or approximately $7.4 billion including debt obligations to be assumed or refinanced net of cash.
>
> "After a review of strategic alternatives by our Board of Directors, we are pleased to reach this agreement with Marubeni and Mizuho Leasing, which delivers tremendous value and immediate liquidity to our shareholders," said Peter V. Ueberroth, Chairman of the Aircastle Board of Directors.
>
> "We are excited to continue our partnership with Marubeni and Mizuho Leasing," said Michael J. Inglese, Chief Executive Officer of Aircastle. "We believe this transaction will deliver significant value to our shareholders, and we look forward to working with Marubeni and Mizuho Leasing on the continued growth of the business."
>
> The cash consideration of $32.00 per share represents a 34% premium over Aircastle's closing stock price on October 23, 2019, the last trading day prior to Aircastle's public announcement that Aircastle was evaluating strategic alternatives, and a 41% premium over the volume weighted average share price during the 20 trading days ended October 23, 2019.
>
> The transaction is subject to customary closing conditions, including approval by Aircastle's shareholders and receipt of certain regulatory approvals, and is expected to close in the first half of 2020. Marubeni has agreed to vote the common shares of Aircastle that Marubeni and its affiliates beneficially own in favor of the transaction.
>
> Given the pending transaction, Aircastle will not host a third quarter earnings call and will not release its third quarter financial results for the period ended September 30, 2019 until Aircastle files its third quarter Form 10-Q.

>Citigroup Global Markets Inc. is acting as the exclusive financial advisor to Aircastle and Skadden, Arps, Slate, Meagher & Flom LLP and Conyers LLP are acting as Aircastle's legal advisors.

**The Proxy Misleads Aircastle Stockholders by Omitting Material Information**

28. On December 6, 2019, the Company filed the materially misleading and incomplete Proxy with the SEC. Designed to convince Aircastle's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning Citi's financial analyses, and the Board's process ultimately leading to the signing of the Merger Agreement.

*Material Omissions Concerning the Financial Analyses of Citi*

29. The Proxy describes the financial analyses performed by Citi. However, the description of these analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Aircastle's stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on the fairness opinion of Citi in determining how to cast their vote on the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to Aircastle stockholders.

30. With respect to Citi's *Discounted Dividends Analysis*, the Proxy omits and must disclose: (i) the projected dividends; (ii) the illustrative terminal values; (iii) the assumptions underlying the application of exit multiples of 0.8x to 1.0x; and (iv) the inputs and assumptions of Citi in determining a discount rate range of 8.1% to 9.4%.

31. With respect to Citi's *Selected Companies Analysis*, the Proxy omits and must disclose, for each of the selected companies in the analysis: (i) the estimated pre-tax income for

6

calendar years 2019 and 2020; (ii) the estimated revenues for calendar years 2019 and 2020; and (iii) each company's book value as of June 30, 2019.

32. Because of this omission, Aircastle stockholders are misled regarding Citi's actual financial analysis, the value of the fairness opinion provided by Citi, and the actual fair value of their shares of Aircastle common stock.

*Material Omissions Concerning the Board's Process Leading to the Merger Agreement*

33. The Proxy misleads Aircastle stockholders with respect to the process undertaken by the Company's Board that led to the signing of the Merger Agreement.

34. First, the Proxy fails to disclose Citi's basis for informing "representatives of Party C that a potential partial asset sale transaction would likely not maximize value for the Company's shareholders compared to a whole company transaction."

35. Second, the Proxy fails to disclose the nature of the "further discussions" with the seven financial sponsors that contacted the Company and Citi regarding a strategic transaction between October 24 and October 31, 2019, including who participated in the discussions.

36. Third, the Proxy also fails to disclose how discussions concluded between the Company and Party B regarding a potential transaction.

37. These omissions cause the Proxy to materially mislead Aircastle stockholders as they obfuscate the process that led to the signing of the Merger Agreement as well as the value of the potential strategic alternatives available to the Company, and thus the value of the Company's shares.

38. Finally, the Proxy fails to disclose the nature of work performed by Citi on behalf of Marubeni and Mizuho in the two years leading up to the signing of the Merger Agreement.

39. Because of this omission, Aircastle stockholders are misled regarding Citi's actual interests in the Proposed Transaction, and therefore the objectiveness of its fairness opinion and financial analyses.

40. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

### Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Aircastle

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Aircastle is liable as the issuer of these statements.

43. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

44. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as

significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

46. The Proxy is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Aircastle within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Aircastle and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein and exercised the same. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy.

53. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: January 3, 2020   **LEVI & KORSINSKY, LLP**

           By: /s/ *Shannon L. Hopkins*
           Shannon L. Hopkins (CT29744)
           Sebastiano Tornatore (CT29679)
           1111 Summer Street, Suite 403
           Stamford, CT 06905
           Tel.: (203) 992-4523
           Fax: (212) 363-7171
           Email: shopkins@zlk.com
               stornatore@zlk.com

           - and -

           Donald J. Enright (to be admitted pro hac vice)
           Elizabeth K. Tripodi (to be admitted pro hac vice)
           1101 30th Street, N.W., Suite 115
           Washington, DC 20007
           Tel: (202) 524-4290
           Fax: (202) 337-1567
           Email: denright@zlk.com
               etripodi@zlk.com

           *Attorneys for Plaintiff*